UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
DATE FILED: 3/24/15

IN RE PETROBRAS SECURITIES
LITIGATION

14-cv-9662 (JSR)

## [PROPOSED] SCHEDULING AND CONSOLIDATION ORDER

On December 8, 2014, plaintiff in *Kaltman v. Petróleo Brasileiro S.A. - Petrobras et al.*, 14-cv-9662, filed a class action complaint on behalf of investors in defendant Petróleo Brasileiro S.A. – Petrobras ("Petrobras"), alleging that Petrobras violated the federal securities laws. Four separate complaints asserting substantially similar claims against Petrobras and other named defendants were subsequently filed. *See Ngo v. Petróleo Brasileiro S.A. – Petrobras et al.*, 14-cv-9760; *Messing v. Petróleo Brasileiro S.A. – Petrobras et al.*, 14-cv-9847; *City of Providence v. Petróleo Brasileiro S.A. - Petrobras et al.*, 14-cv-10117; *Kennedy v. Petróleo Brasileiro S.A. – Petrobras et al.*, 15-cv-93. By Order dated February 17, 2015, the Court consolidated the five related cases under the above caption (the "Consolidated Securities Litigation").

After motion practice and a hearing to appoint Lead Plaintiff and Lead Counsel, on March 4, 2015 the Court appointed Universities Superannuation Scheme, Ltd. ("USS") as Lead Plaintiff and Pomerantz LLP as Lead Counsel. Then, on March 6, 2015, the Court set the following schedule with respect to the Consolidated Securities Litigation:

- USS shall file a consolidated complaint no later than March 27, 2015;
- Defendants shall move to dismiss or answer the consolidated complaint no later than April 17, 2015;
- USS shall file any opposition to any motion to dismiss no later than May 8, 2015;
- Defendants shall file any reply no later than May 22, 2015; and

1

- Oral argument on the motion to dismiss is scheduled for May 29, 2015 at 2:00 p.m.

In the event that additional actions may be brought against Petrobras or other defendants that relate to the same subject matter as in the Consolidated Securities Litigation ("Individual Actions"), coordination of any such Individual Actions and the Consolidated Securities Litigation is appropriate as set forth below.

It is hereby ORDERED as follows:

## I. CONSOLIDATION AND STAY

1. Any Individual Action that may be filed is consolidated with this Consolidated Securities Litigation for pre-trial purposes, pursuant to Fed. R. Civ. P. 42(a).

2. The requirement that any defendant named and served in an Individual Action must move, answer or otherwise respond in that action is stayed until 28 days following a decision on any pending motions to dismiss in the Consolidated Securities Litigation (a "Response"). If circumstances necessitate action by any Individual Action plaintiff or defendant to protect interests unique to such Individual Action plaintiff or defendant, such plaintiff or defendant may seek relief from the stay by appropriate motion. All defenses of any defendant named and served in an Individual Action, including but not limited to defenses based on a lack of personal jurisdiction or lack of subject matter jurisdiction, are hereby preserved until the filing of a Response.

## II. CONSOLIDATED DOCKET

3. A Consolidated Docket, 14-cv-9662 (JSR), was established by the February 17 Order for the proceedings in this Consolidated Securities Litigation, which were consolidated for all purposes. The Clerk will maintain a master consolidated docket according to that Order.

## III. NEWLY FILED OR TRANSFERRED ACTIONS

4. Any defendant who has notice of the filing in or transfer to this Court of a related case shall promptly:

    (a) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case; and

    (b) File a notice of service of this Order in the Consolidated Docket.

5. The Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might be consolidated with the Consolidated Securities Litigation.

## IV. APPLICATION OF THIS ORDER TO PENDING AND SUBSEQUENT CASES

6. This Order shall apply generally to the Consolidated Securities Litigation, any Individual Actions that may be filed, and any case which relates to the same subject matter as any of the foregoing actions that is subsequently filed in or transferred to this Court and assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days of the date a copy of this Order is served upon counsel for such

party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

SO ORDERED:

Dated: New York, NY
March 24, 2015

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　Jed. S. Rakoff, U.S.D.J.